UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT BRUMBACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:23-cv-00131-JMS-MG |
| CENTURION HEALTH OF INDIANA, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Robert Brumback, an Indiana Department of Correction ("IDOC") inmate, alleges in this action that the defendants failed to provide adequate medical care while he was incarcerated at Putnamville Correctional Facility. Defendants Centurion Health of Indiana, LLC, Pablo Perez, M.D., Nedra Bridgewater, Laura Nicoson, and Erin Sprinkle (hereinafter "Centurion Defendants") moved for summary judgment arguing that Mr. Brumback failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. Dkt. 54. Mr. Brumback responded to the motion, and the defendant replied. Dkt. 58; dkt. 59. The defendant's reply included additional evidence; thus, the Court considers Mr. Brumback's sur-reply. Dkt. 60. Defendants motion to strike Plaintiff's surreply is **denied**. Dkt. [61]. For the reasons discussed in this Order, Centurion Defendants' motion for summary judgment, dkt. [54], is **granted**.

**II. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

As the movant, the defendant bears the burden of establishing that the administrative remedies upon which they rely were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III. Facts

At all times relevant to his complaint, Mr. Brumback was confined by the IDOC at Putnamville Correctional Facility. Mr. Brumback alleges that Centurion Defendants provided inadequate medical care and acted with deliberate indifference to Mr. Brumback's serious medical needs.

The IDOC has a grievance process which is intended to permit inmates to resolve such concerns prior to filing suit in court. Dkt. 55-1 at 6. The grievance process consists of three steps. *Id*. at 8. First, an inmate must file a formal grievance within ten business days from the date of the incident if he is unsuccessful in resolving the issue informally. *Id*. at 14. Second, if the inmate is not satisfied with the response to the formal grievance, he may submit an appeal to the warden. *Id*. at 8. Finally, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the IDOC grievance manager. *Id.* Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

If an inmate does not receive either a receipt or a rejection form from the grievance specialist within ten business days of submitting a formal grievance, the grievance policy requires the inmate to notify the grievance specialist of that fact and retain a copy of the notice. *Id* at 14. If he does not receive a timely response to his appeal, the policy provides that the inmate should consider the appeal as denied and proceed to the next level of appeal. *Id*. at 17.

Mr. Brumback submitted grievance number 130588 on July 22, 2021, after he slipped and injured himself. In it, he sought "to make sure something like this doesn't happen again to someone else" and requested relief in the form of the floor being re-done to not be slick, and that the facility provide non-slip shoes. Dkt. 55-1 at 29. In the grievance Mr. Brumback's only reference to medical care is in his explanation that x-rays were done on his shoulder, the injury was thought to be a possible fracture, and he was put in a sling and off work for a week. *Id*. The grievance was denied on August 18, 2021. *Id*. at 28. Records indicate that Mr. Brumback submitted an appeal to the Warden, which was denied. *Id*. at 21. Mr. Brumback then appealed this denial on August 22, 2021, to the IDOC Grievance Manager, reemphasizing the need for something to be done to the kitchen floor to make it less slippery and explaining that he is "still on medical lay in and waiting and going through all these medical hoops to get an MRI do[ne] on my shoulder." *Id*. at 25. This appeal was the first mention of a delay in medical services. The IDOC Grievance Manager denied this appeal on September 1, 2021. *Id*. at 21.

Mr. Brumback also submitted a grievance on August 1, 2021, that articulates his injury, what medical staff had done, and how they refused to send him to an outside hospital for an MRI or CT scan. Dkt. 58-1 at 1. The relief requested here highlighted inadequate medical treatment by medical staff. *Id*. This grievance was never assigned a grievance log number, signed by the Facility Grievance Specialist, nor filed in the IDOC grievance system. Dkt. 59 at 2, ¶7. This grievance was

4

not responded to in a timely manner. Dkt. 58 at 1. Mr. Brumback maintains that in not receiving a reply he had nothing to appeal. Dkt. 60 at 3. Heather Russell, the Litigation Manager at Putnamville Correctional Facility attests that Mr. Brumback did not file any grievances related to medical care prior to August 21, 2023. Dkt. 55-1 at 4. Centurion Defendants maintain that the grievance was never properly submitted to the Grievance Specialist as required by the IDOC Offender Grievance Policy. Dkt. 59 at 3-4. Mr. Brumback did not appeal after twenty business days of receiving no grievance response. Dkt. 59 at 3, ¶9.

## IV. Discussion

Centurion Defendants argue that Mr. Brumback failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them. Mr. Brumback contends that he did exhaust his claims through several grievances, not one, against the defendants by "complet[ing] all parts [of the administrative process that were] available to him." Dkt. 60 at 3.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required."). However, inmates are not required to exhaust an administrative procedure that is unavailable because "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644.

### A. Grievance No. 130588

Mr. Brumback filed a grievance predating the medical care at issue that requested that the flooring in the kitchen be replaced with something less slick, or that non-slip shoes be provided to inmates. In the grievance he briefly mentioned his injury but did not directly complain about it or inadequate medical care. The first time he directly complained of his injury is in his appeal of this grievance, when he said he was waiting and going through hoops to get an MRI approved. Dkt. 55-1 at 25. This grievance cannot be considered to have been about his medical care. Rather, the issue described in this grievance and the relief he requests clearly relate to slick kitchen floors. His mention of waiting for an MRI to be approved in the appeal does not change this.

To complete the grievance process Mr. Brumback needed to complete all three steps set forth in the grievance policy in the manner prescribed. *Dole,* 438 F.3d at 809. He did so with this grievance for the issue involving the slick floor. However, adding new complaints about his MRI approval process to the appeal of a grievance about slick kitchen floors does not comply with the IDOC grievance process, and thus cannot be considered fully exhausted by this grievance. Dkt. 55-1 at 17 (while the IDOC grievance policy permits additional facts concerning the original issue, it does not serve as a place to raise new or unrelated issues).

### B. Unlogged Grievance

Mr. Brumback attests in his reply and surreply that he submitted a second grievance on August 1, 2021, complaining that he was denied medical treatment. Dkt. 58-1 at 1. The IDOC has no record of this grievance. Dkt. 55-1 at 4. The Court need not determine whether Mr. Brumback properly submitted the second grievance, though, because he does not attest to having submitted an appeal. Instead, Mr. Brumback states that he never received a reply and thus had nothing to appeal. Dkt. 60 at 3 ¶4.

To complete the grievance process Mr. Brumback needed to properly follow the prescribed administrative procedures set forth in the IDOC grievance policy. *Dole,* 438 F.3d at 809. That policy required that, if he did not receive a timely response to his grievance, (1) Mr. Brumback notify the grievance specialist of that fact and retain a copy of the notice, and (2) move on to the second step by submitting a facility level appeal to the Warden. Even if doing so would have been futile, the exhaustion requirement is not subject to a futility exception. *Booth,* 532 U.S. at 741, n.6; *McCarthy,* 503 U.S. 140. Mr. Brumback attested that he did not take these steps. Dkt. 60 at 3 ¶4.

Accordingly, Centurion Defendants have met their burden of demonstrating that Mr. Brumback "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Brumback was aware of the grievance process, and that he could have exhausted the process by filing a facility-level appeal, but he failed to do so.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Brumback's Eighth Amendment claims against Centurion Defendants must now be **dismissed without prejudice**. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### V. Supplemental Jurisdiction

With Mr. Brumback's constitutional claims staged for dismissal, the Court has discretion whether to exercise supplemental jurisdiction over his remaining state-law claims. 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it

7

had original jurisdiction is entirely discretionary."). "Indeed, when the federal claims are dismissed before trial, *there is a presumption* that the court will relinquish jurisdiction over any remaining state law claims." *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (emphasis added).

When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and quoted authority omitted).

In the Seventh Circuit, "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Sharp Elecs. v. Metropolitan Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (internal quotation marks and quoted authority omitted). Exceptions to the general rule exist: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) (internal quotation marks and quoted authority).

No circumstance in this case overcomes the presumption that the Court should relinquish jurisdiction over Mr. Brumback's state-law claims.

The statute of limitations is not a factor. Both federal and state law toll the relevant limitation period when claims are pending in a civil action (except in limited circumstances not

present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998).

The Court has not expended significant resources on the pending state-law claims. The parties have not begun discovery on the merits of the case, much less presented evidence or argument on the state-law claims. As such, this is not a case where it is absolutely clear how the state-law claim should be resolved.

Finally, comity always favors allowing state courts to decide issues of state law. Having resolved all claims within its original jurisdiction, the Court exercises its discretion and relinquishes supplemental jurisdiction over Mr. Brumback's state-law claims.

## VI. Conclusion

For the reasons stated above, Centurion Defendants' motion to strike Plaintiff's sur-reply, dkt. [61], is **denied** and Centurion Defendants' motion for summary judgment, dkt. [54], is **granted**. The Court declines to extend supplemental jurisdiction over Plaintiff's state-law claims against Aramark. Final judgment will issue via separate order.

**IT IS SO ORDERED.**

Date: 12/12/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT BRUMBACK
874533
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com

Beau Browning
Riley Bennett Egloff LLP
bbrowning@rbelaw.com

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com